Saluja **THANGARAJA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–73970.

Agency No. A79–784–820.

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.*

Decided Aug. 25, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Saluja Thangaraja, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition for review in part, and remand for further proceedings.

While "we accord substantial deference to an IJ's credibility finding, ... [w]hen the IJ provides specific reasons for the questioning of a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003)

(quotation marks and citation omitted). We conclude that the IJ's adverse credibility finding regarding Thangaraja is not supported by substantial evidence. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000).

First, the IJ made a demeanor-based finding that Thangaraja, "in attempting to answer certain questions, had to look up to the ceiling as if she was trying to remember the right words, or the right script, or right explanation, or answer to give to the Court." In *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003), we held that an "IJ's impugning of the manner in which [an applicant's] testimony was delivered cannot displace the substantial evidence of its detailed and consistent content describing serious abuse." *Arulampalam* relied in part on *In re B—*, 21 I. & N. Dec. 66, 70, 1995 WL 326740 (BIA 1995) (en banc), in which the Board found that an asylum applicant's "tendency during his testimony to look down at the table or at the wall behind the interpreter instead of at the Immigration Judge" did not necessarily indicate deception where, "view[ing] the demeanor problem within the context of the whole record[,] ... [t]he applicant's testimony was consistent throughout." Here, the IJ found no major inconsistencies in Thangaraja's testimony. In light of our review of the record as a whole, we conclude that the demeanor ground is inadequate to uphold the adverse credibility determination.

Second, the IJ contrasted the level of detail provided by Thangaraja concerning her journey to the United States with the more specific testimony she provided about the alleged persecution. The variable depth of Thangaraja's knowledge concerning her travel to the United States, as

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

compared with her trauma in Sri Lanka, does not necessarily implicate the truthfulness of her remaining testimony. Thangaraja adequately provided a basic description of the ship on which she traveled for two months, including an estimate of the number of people aboard and an account of the route taken. When Thangaraja did not know something, she explained why. For example, after being asked if all the ship's occupants were Sri Lankan, Thangaraja replied that she was unsure because "I did not talk to all of them." Substantial evidence does not support this adverse credibility ground.

■ The IJ made an alternative holding on the merits that Thangaraja failed to demonstrate persecution on account of imputed political opinion. Yet, Thangaraja testified that the Sri Lankan army twice physically mistreated her after accusing her of belonging to the LTTE. She thereby "produce[d] evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc) (quoting *In re T–M–B*, 21 I. & N. Dec. 775, 1997 WL 80988 (BIA 1997) (en banc)); *see also Ratnam v. INS*, 154 F.3d 990, 993, 996 (9th Cir.1998) (holding that asylum applicant proved past persecution on account of imputed political opinion with evidence that the Sri Lankan Army arrested and beat him, and falsely accused him of being an LTTE member).

Moreover, the IJ's reliance on her assessment that "the objective evidence indi-cates that there are very few instances where women are associated with the Tamil Tigers" is not supported by the record. The IJ seems to have ignored record evidence to the contrary, such as the State Department's 1998 "Country Report on Human Rights Practices," and a 1999 Amnesty International publication recounting "regular reports of ill-treatment and torture of women in detention on suspicion of being members or sympathizers of the LTTE."

The IJ also committed legal error in finding that the violence inflicted on Thangaraja was "police brutality" resulting from "a government investigation in order to determine if the respondent was involved with an internationally recognized terrorist organization." Where no legal process is accorded, serious mistreatment in the absence of any legitimate criminal prosecution, conducted at least in part on account of imputed political opinion, provides a proper basis for asylum and withholding of removal. *See Ratnam*, 154 F.3d at 996; *see also Blanco–Lopez v. INS*, 858 F.2d 531, 534 (9th Cir.1988).[1] There was no evidence of legitimate criminal prosecution in this case, nor of any reason aside from imputed political opinion for singling Thangaraja out for interrogation. The Sri Lankan army's brutality on account of Thangaraja's imputed political opinion therefore establishes past persecution, and a consequent presumption of a well-founded fear of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998).[2]

As the IJ reached the merits of Thangaraja's asylum claim in an alternative hold-

---

1. *See generally In re S–P–*, 21 I. & N. Dec. 486, 493 (BIA 1996) (en banc) ("[I]n the context of the Sri Lankan conflict, it is not an easy task to evaluate an asylum applicant's claim that harm was inflicted because of imputed political views rather than a desire to obtain intelligence information. There may have been, in fact, a combination of these motives.... The difficulty of determining motive in situations of general civil unrest should not, however, diminish the protections of asylum for persons who have been punished because of their actual or imputed political views, as opposed to their criminal or violent conduct.").

2. The IJ also stated that Thangaraja "must demonstrate countrywide persecution or torture for ... claims [of persecution or torture]

ing, we are not required to remand for "additional investigation regarding eligibility." *He v. Ashcroft*, 328 F.3d 593, 603–04 (9th Cir.2003). The INS made no arguments concerning changed country conditions to the IJ or to the BIA. "In these circumstances, to provide the INS with another opportunity to present evidence of changed country conditions, when it twice had the chance, but failed to do so, would be exceptionally unfair." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)). We find Thangaraja eligible for asylum, but because the decision to grant asylum is discretionary, we remand for a determination of whether Thangaraja should be granted asylum. *See id.*; 8 U.S.C. § 1158(b)(1).

In the absence of demonstrated changed country conditions, we also conclude that it is " 'more likely than not that [Thangaraja] would be subject to persecution' " if returned to Sri Lanka. *See Baballah*, 367 F.3d at 1079 (quoting *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Thangaraja is therefore entitled to withholding of removal.[3]

Thangaraja is not entitled to CAT relief because she did not show that it is more likely than not that she would be tortured if returned to Sri Lanka. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; REMANDED.**

---

to be sustained." In fact, an applicant need not demonstrate a country-wide threat of persecution in order to qualify for relief. *See, e.g., Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003).

**3.** Because the IJ did not decide these issues, we do not address Thangaraja's contentions concerning whether Tamils are singled out for persecution as a particular social group and/or are subject to a "pattern or practice" of persecution.